**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JOEL NEPTALY GARCIA,
by and through his next friend,
EMILY CHAFFIN,

Petitioner,

v. CIVIL ACTION NO. 3:26-0688

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**MEMORANDUM OPINION AND ORDER**

The Court granted the Petition and ordered Petitioner **Joel Neptaly Garcia** released on October 30, 2026. ECF No. 11. This Opinion sets forth the reasons for that decision.[1]

Petitioner alleges that his detention violated (1) the Fifth Amendment's Due Process Clause and (2) 8 U.S.C. § 1226(a) and its implementing regulations. *See* Pet. ¶¶ 28-40, ECF No. 1. Specifically, Petitioner alleges that "no immigration officer . . . has conducted an individualized

[1] The Parties stipulated to dismissal as to Petitioner **Renieri Gonsales Funez**. *See* ECF No. 10.

custody determination assessing whether [Petitioner's] continued detention is necessary to address flight risk, danger to the community, or the availability of conditions of release." *Id.* ¶ 19. Petitioner was arrested on the morning of October 28, 2026, within the interior of the United States, in or around Cross Lanes, West Virginia, following a traffic stop. Resp. at 4, ECF No. 7. He was then transported to the ICE processing facility in Poca, West Virginia. *Id.* The Petition was initially entered around 10:26 A.M on the same day. *See* Pet.[2]

In its Order granting relief, this Court found that "Respondents have failed to demonstrate that Petitioner **Joel Neptaly Garcia** received an individualized custody determination consistent with 8 U.S.C. § 1226(a) and its implementing regulations and consistent with the requirements of due process." ECF No. 11. As in *Escamilla v. Venturella*, No. 3:26-cv-662 (S.D. W. Va. Oct. 30, 2026), ECF No. 25, the Court finds that Respondents have failed to meaningfully exercise their discretion and have thus denied Petitioner an opportunity to be heard, in violation of both § 1226(a) and its implementing regulations and the Due Process clause. As in *Carcamo Lopez v. Venturella*, No. 3:26-cv-674 (S.D. W. Va. Nov. 3, 2026), ECF No. 14, the Court also finds that Respondents have failed to state the basis for the custody determination and have thus denied Petitioner notice, in violation of both § 1226(a) and its implementing regulations and the Due Process clause.

The record reflects that Respondents have failed to provide a sufficient opportunity to be heard and sufficient notice under § 1226(a) and its implementing regulations. Moreover, Respondents' failure to provide these two fundamental features of due process fails the *Mathews* test and denies Petitioner due process. Thus, this Court's opinions in *Escamilla* and *Carcamo Lopez* are adopted and form the basis for this brief opinion.

---

[2] The Court need not address Counts Three or Four of the Petition to grant relief. *See* Pet.

For the foregoing reasons, the Court **GRANTED** the Petition, ECF No. 1, and **DENIED** Respondents' Motion to Dismiss, ECF No. 7**.**

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER: November 3, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE