**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JOEL NEPTALY GARCIA,
by and through his next friend,
EMILY CHAFFIN,

Petitioner,

v. CIVIL ACTION NO. 3:26-0688

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**ORDER**

Pending before the Court is Respondents' Motion for Reconsideration. ECF No. 15. Respondents state that "removal proceedings and bond proceedings are distinct matters." Resps.' Mot. at 3, ECF No. 15. Petitioner acknowledges Respondents' distinction and "does not oppose Respondents' motion, insofar as it pertains only to the paragraph of the opinion suspending the November 10 immigration court hearing." Pet.'s Resp. at 2-3, ECF No. 17. Respondents further explain that "[t]he immigration court may conduct multiple proceedings on the same date" so long

as "the proceedings are conducted separately." Resps.' Reply at 2, ECF No. 18.

For the foregoing reasons, Respondents' Motion, ECF No. 15, is **GRANTED**. Accordingly, **IT IS HEREBY ORDERED** that the following language from the Court's prior order, ECF No. 11, is **STRICKEN**:

> The Court also finds that the hearing scheduled for November 10, 2026, at 9:30 AM, before an immigration judge, is now moot and must be suspended. Accordingly, the Court **ORDERS** that Respondents are **PROHIBITED** from enforcing the Notice to Appear or otherwise subjecting Petitioner to any penalty for any failure to appear at the scheduled hearing.

Order at 2, ECF No. 11. However, the Court still holds that any custody redetermination is moot. *See* Resps.' Mot. at 3 ("Thus, although this court determined that custody redetermination is moot, that does not permit the Court to interfere with removal proceedings or enjoin removal proceedings in their entirety, as further developed below.").

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 6, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE